IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| WORLD GOLD TRUST SERVICES, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:15cv1646 ) LOG/IDD |
| v. | ) (JURY TRIAL DEMANDED) ) |
| GLD.COM, an Internet Domain Name, | ) ) ) |
| Defendant. | ) |

## VERIFIED COMPLAINT WITH JURY DEMAND

Plaintiff World Gold Trust Services, LLC ("WGTS") brings its Complaint against the Internet domain name <gld.com> (the "Defendant Domain Name"), seeking relief pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) ("ACPA").

### I. THE PARTIES

1. WGTS is a Delaware limited liability company and a wholly-owned subsidiary of the World Gold Council, Inc. ("WGC"), with a principal place of business located at 685 Third Avenue, 27th Floor, New York, New York 10017.

2. Defendant Domain Name is listed in the WHOIS record as registered to an anonymous registrant using a domain name privacy service with a foreign address, with the following information:

    Name:     PRIVACYDOTLINK CUSTOMER 270554
    Address:  PO BOX 30485, SEVEN MILE BEACH, GRAND CAYMAN, KY1-1202
    Phone:    +1.3457495465
    Email:     270554@privacy-link.com

A copy of the WHOIS record for the Defendant Domain Name as of December 2, 2015 is attached hereto as Exhibit A.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I) because WGTS cannot obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name given the fact that the registrant is located outside of the United States and is not subject to personal jurisdiction in the United States. *In rem* jurisdiction is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C)(i) because the domain name registry, VeriSign, Inc., 12061 Bluemont Way, Reston, Virginia 20190 ("VeriSign," the operator of the authoritative domain name registry for all .com domains), is located in this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. §§ 1125(d)(2)(A) and (C)(i), because the registry that registered or assigned the Defendant Domain Name is located in this district.

## III. WGTS BUSINESS AND GLD® MARK

6. The WGC is the market development organization for the gold industry. Its primary purpose is to stimulate and sustain demand for gold. Its work includes assisting its members, the world's leading gold-mining companies, with ensuring gold mining is responsibly undertaken with measurable economic benefit to the countries in which they operate. The WGC also facilitates and supports breakthrough research regarding uses of gold to protect health and the environment. In addition to advancement of the gold industry through research and

environmental efforts, the WGC also provides comprehensive analysis of the industry, providing decision makers and stakeholders with unparalleled information and insight into the drivers of demand for gold.

7. In 2003, as part of its advancement of the gold industry, the WGC created SPDR® Gold Trust (Symbol: GLD®), the world's first physically backed gold exchange-traded fund ("ETF"). GLD® is traded on the New York Stock Exchange, in addition to exchanges in Singapore, Tokyo, Hong Kong and Mexico. GLD® is the world's largest gold ETF, with approximately $22 billion in assets under management.

8. Contemporaneous with its creation of GLD®, the WGC formed WGTS to be the sponsor for GLD®.

9. On February 27, 2003, WGTS filed U.S. Trademark Application Serial No. 76/493,582 for "GLD," which issued duly and properly on May 29, 2007 as U.S. Trademark Registration No. 3,247,900, a true and correct copy of which is attached hereto and incorporated herein by reference as Exhibit B. On June 30, 2007, the United States Patent and Trademark Office accepted WGTS' combined declaration of use and incontestability pursuant to Sections 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058 and 1065, and thus the GLD® mark is incontestable pursuant to 15 U.S.C. § 1065. Accordingly, GLD® is a strong federally registered trademark owned exclusively by WGTS.

### IV. DEFENDANT DOMAIN NAME'S INFRINGING USE OF GLD.COM

10. As late as October 26, 2015, the Defendant Domain Name resolved to a parked webpage consisting of advertising displays in a list of "Related Links" (hereinafter, "Homepage at the Defendant Domain Name"). A screen shot of the Homepage at the Defendant Domain Name is reproduced below.

3

```
gld.com                                    Search Ads

    → GLD
    → GLD ETF
    → Gold Prices
    → Price of GLD
    → Gold ETF
    → How to Trade Gold Online
    → Buy Gold and Silver Online
    → Forex Gold Trading
    → Cash for Gold and Silver
    → Gold and Silver Buyers Near Me
```

11. The first link, in the upper left hand corner of the foregoing image at Paragraph 10, consists entirely of an unauthorized and infringing display of WGTS' GLD® mark. *See id.* Internet users clicking the link entitled "GLD" are not taken to any web location controlled by WGTS or its website. Rather, clicking through this "GLD" link takes a user to another webpage with advertising links to websites offering gold based ETFs that compete directly with WGTS' GLD® ETF. A true and correct copy of the webpage that Internet users are directed to when they click the "GLD" link is attached hereto as Exhibit C. Similarly, clicking the second link, "GLD ETF," takes users to a webpage with more advertising links to websites offering gold based ETFs that compete directly with WGTS' GLD® ETF. A true and correct copy of the webpage that Internet users are directed to when they click the "GLD ETF" link is attached hereto as Exhibit D. Further, true and correct copies of exemplary webpages that Internet users are directed to when they click links displayed on the webpages attached hereto as Exhibits C and D, are attached hereto as Exhibits E and F.

12. As well as the foregoing infringing use of the Defendant Domain Name, the Homepage at the Defendant Domain Name also displays other links that are intended to capitalize on the deception and likely confusion of Internet users who mistakenly reach the Homepage at the Defendant Domain Name while looking for WGTS. For example, clicking the "GLD ETF," "Gold Prices," "Price of GLD," and other links on the Homepage at the Defendant Domain Name takes users to webpages containing links to webpages of other entities offering gold-based securities financial services.

13. The Homepage at the Defendant Domain Name also displays a "Buy This Domain" link. When a user clicks this link, it is directed to <domainnamesales.com/domain/gld.com>, a webpage where it can enter its contact information in order to receive a "free quote on GLD.com" (hereinafter, "Purchase Page for the Defendant Domain Name"). A screen shot of the Purchase Page for the Defendant Domain Name is reproduced below.



14. On or around October 19, 2015, in an effort to inquire about purchasing Defendant Domain Name for a reasonable price without the need for litigation, WGTS entered its contact information in the relevant fields of the Purchase Page for the Defendant Domain Name.

15. On October 20, 2015, a representative of DomainNameSales.com informed WGTS that it would transfer Defendant Domain Name to WGTS for $325,000.

16. On October 26, 2015, WGTS responded, informing DomainNameSales.com that it was the owner of the GLD® mark, and asked DomainNameSales.com to reconsider its price in view of that fact.

17. On October 27, 2015, WGTS received correspondence from an attorney purporting to represent "Ocean Networks, Inc., a Barbados corporation who is the registrant of the Internet domain name, gld.com [. . .]." Upon information and belief, Ocean Networks, Inc. is a "domain name speculator," i.e. an entity which identifies and registers or acquires Internet domain names as an investment with the intent of selling them later for a profit. Upon information and belief, Ocean Networks, Inc. registered the Defendant Domain Name with the bad faith intent to profit from the significant goodwill associated with WGTS' GLD® mark.

18. On November 2, 2015, GLD Ltd., a Grand Cayman limited company, filed U.S. Trademark Applications Serial Nos. 86/806,631 ("the '631 Application") and 86/806,647 ("the '647 Application"). The '631 Application seeks registration of the standard character mark "GLD." The '647 Application seeks registration of the stylized character mark:

**gld.**

19. Both applications seek registration as marks for goods and services in the "computers" and "technological services and research and design relating thereto" classes. Further, both applications were filed with an "intent-to-use" filing basis under § 1(b) of the Trademark Act, 15 U.S.C. § 1051(b). Accordingly, as of November 2, 2015, GLD Ltd. was not using either applied-for mark, and instead had only a purportedly bona fide intent to use the applied-for marks in commerce. As of the filing of this lawsuit, GLD Ltd. has not submitted evidence of use for either applied-for mark. True and correct copies of the '631 and '647 Applications are attached hereto as Exhibits G and H.

20. Upon information and belief, GLD Ltd. is affiliated with Ocean Networks, Inc. and DomainNameSales.com. Upon information and belief, GLD Ltd. filed the '631 and '647 Applications for the exclusive purpose of creating an appearance of legitimacy and good faith in its use of Defendant Domain Name and to further its efforts to extort payment from WGTS in exchange for transfer of the Defendant Domain Name.

21. As of at least November 30, 2015, the Homepage at the Defendant Domain Name has since ceased its advertisements. Attempts to access gld.com are now directed to the Purchase Page for the Defendant Domain Name.

22. It is apparent based upon the foregoing activity described at Paragraphs 10 through 21 that the registrant of the Defendant Domain Name makes no bona fide use of the Defendant Domain Name and lacks any rights in the GLD® name or mark. Instead, the registrant of the Defendant Domain Name simply uses the Defendant Domain Name to lure Internet users into clicking through advertising links displayed on the Homepage at Defendant Domain Name, as well as, various linked pages.

23. The Defendant Domain Name is identical to WGTS' GLD® mark, differing only in the addition of the top-level extension <.com>. The Defendant Domain Name is simply being

used to redirect consumers to websites that advertise and promote products and services that compete with WGTS' products and services.

24. Upon information and belief, the registrant for the Defendant Domain Name has never conducted any bona fide business under the name GLD at the Defendant Domain Name.

25. Upon information and belief, the Defendant Domain Name's registrant receives a financial benefit each time an Internet user clicks on one of the "Related Links," thereby receiving a commercial gain arising from use of the Defendant Domain Name and display of Plaintiff's GLD® mark on the Homepage at the Defendant Domain Name. Further, the Defendant Domain Name's registrant seeks to receive a financial benefit by selling <gld.com> to another unauthorized user of the GLD® mark or through extorting money from WGTS in exchange for transfer of the Defendant Domain Name.

26. As a result of the infringing use of the Defendant Domain Name, the unauthorized and infringing display of the GLD® mark on the Homepage at the Defendant Domain Name, and the deceptive and misleading links maintained by the registrant, Internet users seeking WGTS are highly likely to reach the Defendant Domain Name registrant's website instead and be lured into clicking the registrant's links. These consumers may purchase products and services that compete with GLD® and/or reach an unfavorable impression of WGTS because they are unable to locate WGTS' services. The mistaken belief that WGTS is responsible for the website content at the infringing Defendant Domain Name is causing and will continue to cause irreparable harm to WGTS' reputation and goodwill.

27. The Defendant Domain Name is also causing irreparable harm to consumers by hindering their ability to take advantage of the gold-based ETF services that WGTS is offering through its legitimate website at its <www.spdrgoldshares.com> domain name.

28. Thus, the Defendant Domain Name is confusingly similar to the GLD® mark and violates WGTS' trademark rights in the GLD® mark in the United States.

## V. FIRST CLAIM FOR RELIEF
*(In Rem* Action Under the Anticybersquatting Consumer Protection Act—
15 U.S.C. § 1125(d)(2))

29. WGTS incorporates by reference each and every allegation in paragraphs 1 through 28 as though fully set forth herein.

30. WGTS is the owner of the mark GLD®, U.S. Trademark Registration No. 3,247,900.

31. As set forth above, and under 15 U.S.C. 1125(d)(2)(A)(i), the Defendant Domain Name violates and infringes WGTS' federally registered trademark rights in its GLD® mark.

32. The registrant of the Defendant Domain Name has a bad faith intent to profit from its unauthorized use of the GLD® mark by diverting consumers searching for WGTS, including from WGTS' authorized website at <spdrgoldshares.com>, to one or more websites accessible through advertising links found on the Homepage at the Defendant Domain Name, which harms the goodwill represented by WGTS' GLD® mark, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, and endorsement of the site.

33. The registrant of the Defendant Domain Name has no trademark or other intellectual property rights in the Defendant Domain Name. Upon information and belief, the Defendant Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant. Upon information and belief, the registrant has made no prior use of the Defendant Domain Name in connection with the bona fide offering of any goods or services or a legitimate, noncommercial or fair use thereof.

34. The continued registration and use of the Defendant Domain Name violates 15 U.S.C. § 1125(d)(2), which protects U.S. trademark owners and prohibits the registration of Internet domain names that are confusingly similar to any trademark.

35. The Defendant Domain Name was registered without authorization from WGTS and WGTS has not licensed or otherwise permitted the registrant to use the GLD® mark in connection with any goods or services, or for any domain name.

36. WGTS has suffered, and continues to suffer, irreparable harm to its reputation and goodwill as a result of the registration and ongoing use of the Defendant Domain Name.

### VI. PRAYER FOR RELIEF

WGTS requests that the Court find in its favor, and grant WGTS the following relief:

A. That VeriSign be ordered to transfer the registration of the Defendant Domain Name to World Gold Trust Services, LLC;

B. That World Gold Trust Services, LLC be awarded its reasonable costs and attorneys fees; and

C. That World Gold Trust Services, LLC be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

WORLD GOLD TRUST SERVICES, LLC

Dated: December 11, 2015

By: /s/ Charles M. Allen
Goodman Allen Donnelly, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060
Telephone: 804-346-0600
Facsimile: 804-346-5954
callen@goodmanallen.com

Robert R. Brunelli
(*pro hac vice* application pending)
rbrunelli@sheridanross.com
George T. Scott
(*pro hac vice* application pending)
jscott@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:   303-863-9700
Email:  litigation@sheridanross.com
ATTORNEYS FOR PLAINTIFF
WORLD GOLD TRUST SERVICES, LLC

## VERIFICATION

I hereby state, under penalty of perjury, that I have read the foregoing Verified Complaint with Jury Demand, and that factual information contained therein is true and correct to the best of my knowledge.

WORLD GOLD TRUST SERVICES, LLC

By: *Samantha McDonald*
Name: Samantha McDonald
Title: CFO

11